IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-MC-1-WW

| | | |
|---|---|---|
| JAMES D. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on Plaintiff's *pro se* miscellaneous filing that raises objections to the Court's earlier Order dated February 11, 2014 denying a request to "compile and hold evidence" from the Internal Revenue Service "until [he is] prepared to initiate a formal civil action." (DEs 1, 2, 3). Plaintiff also now seeks to quash the previous Order as well as to amend his request. (DE 4).

In support of his filings, Plaintiff references FRCP 27, which govern depositions to perpetuate testimony. Specifically, Rule 27(a) allows for depositions to perpetuate testimony before an action is filed upon a petition showing:

 **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

**(B)** the subject matter of the expected action and the petitioner's interest;

**(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

**(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

**(E)** the name, address, and expected substance of the testimony of each deponent.

FRCP 27(a).

This rule permits the taking of testimony prior to commencing an action where (1) the anticipated action is within federal jurisdiction, (2) the petitioner is presently unable to bring or cause to be brought the underlying action and (3) there is a reason or need to perpetuate the testimony sought. *Petition of State of N.C.*, 68 F.R.D. 410 (S.D.N.Y. 1975). Without addressing the availability of Rule 27 herein, Plaintiff has failed to allege facts in support of these three factors. Moreover, Rule 27 is to be used in instances where, as result of time, witness' testimony might become unavailable. *Petition of Gurnsey*, 223 F. Supp. 359 (D.D.C. 1963). It does not provide a method of discovery to determine whether cause of action exists, and, if so, against whom action should be instituted. *Id*. Vague and conclusory allegations that testimony or information may be lost, destroyed, or unrecoverable in the future does not demonstrate an immediate need to perpetuate evidence, as basis for allowing perpetuation discovery. *In re Landry-Bell*, 232 F.R.D. 266 (W.D. La. 2005). *See also Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975) (finding that trial court did not abuse discretion in denying motion to perpetuate testimony where movant supported motion only with conclusory statements.)

Accordingly, Plaintiff's objections (DE 3) are overruled and the motion to quash and to amend (DE 4) is DENIED.

SO ORDERED in Chambers at Raleigh, North Carolina on Thursday, March 6, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE